FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 9:01 am, Nov 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANDREW WILLIAM ECKERD,

      Plaintiff,

v.

GLYNN COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

CIVIL ACTION NO.: 2:20-cv-12

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Glynn County Jail in Brunswick, Georgia, filed this action based on 42 U.S.C. §1983. Doc. 1. For the reasons which follow, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 2. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### BACKGROUND

Plaintiff brings a claim based on jail officials failing to provide him with a bottom bunk, despite his medical profile requiring a bottom bunk. Doc. 1-1 at 4–5. When Plaintiff repeatedly occupied a bottom bunk instead of his assigned top bunk, jail officials placed him in segregation. Id. at 10. After being placed in segregation, Defendant Strickland entered Plaintiff's cell in segregation and told Plaintiff to strip. Id. Plaintiff refused, and then Defendant Strickland shot Plaintiff with a taser. Id. at 10–11. After being shot with a taser, Plaintiff complied and stripped in front of Defendant Ferra. Id. at 11. Additionally, following the taser incident, Plaintiff was

not provided with any medical care.  Id. at 17.  Plaintiff is suing based on violations of his Fifth, Eighth, and Fourteenth Amendment rights.  Id. at 19.

## DISCUSSION

**I.     Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

1) Eckerd v. Cannon, No. 2:17-cv-108, 2017 WL 6209612 (S.D. Ga. Dec. 6, 2017) (case dismissed for failure to state a claim);

2) Eckerd v. Cannon, No. 2:17-cv-100, 2018 WL 505090 (S.D. Ga. Jan 22, 2018) (dismissed for failure to state a claim); and

3) Eckerd v. Kelley, No. 2:17-cv-129, 2018 WL 2185523 (S.D. Ga. May 11, 2018). Additionally, Plaintiff has been identified as a three-striker in Eckerd v. Georgia Department of Corrections, No. 2:16-cv-21, 2017 WL 3765764 (S.D. Ga. July 11, 2017), and Eckerd v. Corrections Corporation of America, No. 5:18-cv-71, 2020 WL 475816 (S.D. Ga. Jan. 13, 2020).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on February 18, 2020, as required to surpass § 1915(g)'s three strikes provision. Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury. All of Plaintiff's allegations involved events occurring in January 2020, and he does not allege any ongoing danger when he filed his Complaint. See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."). As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*.

Accordingly, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 2.  Additionally, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from

filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 2. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of November, 2020.

/s/ Benjamin W. Cheesbro
_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA